UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 10-60371-CIV-JORDAN

| | |
|---|---|
| TREBOR INDUSTRIES, INC., | ) |
|         Plaintiff | ) |
| vs. | ) |
| REGATTA AS and DATREX, INC., | ) |
|         Defendants | ) |

### ORDER GRANTING MOTION TO DISMISS IN PART

For the reasons stated below, Regatta AS's motion to dismiss the willful infringement claim [D.E. 17] is GRANTED.

### I. BACKGROUND

Trebor Industries is the current owner of all right, title, and interest in the '678 Patent for an invention titled "INTEGRATED OR ATTACHED SPACE OCCUPYING CEPHALIC RESTRAINT COLLAR FOR IMPROVED LIFE JACKET PERFORMANCE." Trebor alleges that the defendants sell, import, and offer for sale products that infringe on the '678 Patent, including the "Kon-Tiki" life jacket. Moreover, Trebor claims that "[u]pon information and belief," the defendants "make, use, import, offer to sell, and/or sell . . . one or more products that infringe on the '678 Patent," and that "[u]pon information and belief, at least Defendant Regatta has willfully and deliberately infringed the '678 Patent."

Regatta moves to dismiss the willful infringement claim, asserting that Trebor has failed to state a claim. Regatta argues that Trebor did not assert facts to support a claim that Regatta had knowledge of the infringement. I find that dismissal of the willful infringement claim is warranted.

### II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must plead "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. For Choice, Inc.,* 253 F.3d 678, 683 (11th Cir. 2001). The court must limit its consideration to the complaint. *See GSW, Inc. v. Long County,* 999 F.2d 1508, 1510 (11th Cir. 1993). The factual allegations are accepted as true and all reasonable

inferences from these allegations are drawn in the plaintiff's favor. *See Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998). The plaintiff, however, must allege more than "labels and conclusions." *See Fin. Sec. Assur., Inc. v. Stephens, Inc.,* 500 F.3d 1276, 1282 (11th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 554-55 (2007)). The factual allegations in the complaint must "possess enough heft" to set forth "a plausible entitlement to relief." *Id.* "A motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedural question not pertaining to patent law," and therefore the Eleventh Circuit's analysis of the sufficiency of the pleadings applies. *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007).

### III. ANALYSIS

Regatta asserts that Trebor's claim for willful infringement fails because Trebor does not allege any facts that show that Regatta had knowledge of the alleged infringement. "[A] patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *See McZeal*, 501 F.3d at 1357. To state a claim for willful infringement, the plaintiff must assert that the defendant had knowledge of the patent and of his infringement. *See Sentry Protection Prod. v. Eagle Mfg.*, 400 F.3d 910, 918 (2005). In addition, an allegation that a defendant acted "willfully" -- absent factual allegations that show the claim is plausible -- is conclusory and subject to dismissal. *See Am. Dental Ass'n v. Cigna Corp.*, --- F.3d ----, 2010 WL 1930128 (11th Cir. 2010), discussing *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1943-44 (2009).

In this case, Trebor alleges that Regatta manufactures and sells the "Kon-Tiki" life jacket that infringes on the '678 Patent. Trebor also alleges that "[u]pon information and belief" Regatta had "full knowledge of the existence of the '678 Patent" and the sale of the infringing product is "willful[] and deliberate[]." An allegation that "upon information and belief" the defendant acted willfully is sufficient under *Iqbal* if the plaintiff "lists supporting facts" to show that the defendant had the requisite knowledge. *See CTF Development, Inc. v. Penta Hospitality, LLC*, 2009 WL 3517617, at *5 (N.D. Cal. 2009). *See also Btesh v. City of Maitland, Fla.,* 2010 WL 497718, at *4 (M.D. Fla. 2010) ("the Court must determine whether it may be reasonably inferred from the factual allegations" that defendant acted willfully). Trebor alleges no facts whatsoever to support its

allegation that Regatta had knowledge of the '678 Patent and deliberately infringed on it. Therefore, absent facts detailing Regatta's knowledge, Trebor's willful infringement claim is insufficient.[1]

### IV. CONCLUSION

In conclusion, Regatta's motion to dismiss the claim for willful infringement [D.E. 17] is GRANTED. Regatta shall answer the remainder of the complaint by June 28, 2010.

DONE and ORDERED in chambers in Miami, Florida, this 14th day of June, 2010.

*[signature]*
Adalberto Jordan
United States District Judge

Copies to:   Magistrate Judge McAliley
             All counsel of record

---

[1] I decline to follow *Rambus, Inc. v. Nvidia Corp.*, 2008 WL 4911165, at *2 (N.D. Cal. 2008), because its holding -- that the plaintiff did not need to allege any facts to support its claim that the defendant's alleged infringement was "deliberate" -- is inconsistent with *Iqbal*.